## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Loren A. Ragland, | : | Case No. 1:08CV2688 |
| Plaintiff | : | Judge James S. Gwin |
| v. | : | Magistrate Judge David S. Perelman |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED DECISION** |
| Defendant | : | |

This action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of defendant's final determination that the plaintiff was only entitled to a closed period fo disability form August 19, 2002 through July 22, 205, with entitlement to awards of disability insurance benefits, 42 U.S.C. §§416(i), 423, and supplemental security income, 42 U.S.C. §1381 et seq. for that period, is pending decision upon the parties submissions for the merits, pursuant to which the plaintiff seeks entry of a final judgment in his favor, or alternatively an order of remand, and defendant seeks final judgment upholding the decision below.

The plaintiff initially applied for benefits on September 23, 2002. He did not pursue denial of those applications at the state agency level.

He did re-file new applications on November 4, 2003, in which he claimed an onset date of August 19, 2002.[1] In an accompanying Disability Report-Adult the questions "What are the

---

[1] When the denial of those applications came before an Administrative Law Judge for de novo review he reopened the earlier claims.

illnesses or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "Lymphoma" and "Pain."

Upon denial of plaintiff's claims on the state agency level hearing <u>de</u> <u>novo</u> before an Administrative Law Judge (hereinafter ALJ) was requested. Evidentiary hearing, at which plaintiff was represented by counsel, was held on December 4, 2006. Also testifying at that proceeding were a medical expert, Dr. Franklin Plotkin and a vocational expert (VE), Mr. Ted Macy.

At that hearing the plaintiff testified he had a back problem:

> Q. What's the problem with your back?
>
> A. I've been having trouble ever—with my back even since there I came down with cancer, and if I sit up against something there too long there and stuff or I'll have pains in, in my back and then I'll start having trouble breathing and then I'll have to kind of lean up.
>
> Q. Any shortness of breath?
>
> A. Yes, when I get out and walk a certain distance there I get out of breath real bad and then I'll have to stop catch my breath.

When asked by his counsel "Since the chemotherapy ended do you think you could work?" the plaintiff stated he could not because "If I—from when I do tend to try to do things there, it tends to mess with my back and I get out of breath real quick, and. . . ."

On January 24, 2007[2] the ALJ entered his partially favorable decision, which stands as the defendant's final determination consequent to denial of review by the Appeals council on September 15, 2008. The ALJ's "Findings of Fact and Conclusions of Law" were:

> 1. The claimant met the insured status requirements of the Social Security Act as of August 19, 2002, the date the claimant alleges

---

[2] Although the decision is undated in the transmittal letter from plaintiff's counsel requesting review by the Appeals Council it is stated that the ALJ's decision was issued on that date.

that he became disabled.

2. The claimant has not engaged in substantial gainful activity since August 19, 2002, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq*., 416.920(b) and 416.971 *et seq*.).

3. At all times relevant to this decision, the claimant has had the following severe combination of impairments: the residual effects of non-Hodgkin's lymphoma after chemotherapy (Exhibits 1F, 2F, 4F, 9F, 13F, 14F, 17F); an adjustment disorder (Exhibit 8F); and borderline intellectual functioning (Exhibits 7F, 8F) (20 CFR 404.1520(c) and 416.920(c)).

4. At all times relevant to this decision, the claimant did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).

5. After careful consideration of the entire record, I find that, from August 19, 2002 through July 22, 2005, the claimant did not have the residual functional capacity to persist in full time work—8 hours a day, 5 days a week, or an equivalent work schedule—even at the sedentary exertional level.

6. At all times relevant to this decision, the claimant was unable to perform past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on December 28, 1956. He was 45 years old on the day his disability began and 48 years old on July 22, 2005 when it ended, a younger individual age 45-49 (20 CFR 404.1563 and 416.963) at all relevant times. He is 50 years old—approaching advanced age—as this decision is issued.

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. From August 19, 2002 through July 22, 2005, considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1560(c), 404.1566, 416.960(c), and

<blockquote>

416.966).

11. The claimant was under a disability, as defined by the Social Security Act, from August 29, 2002 through July 22, 2005 (20 CFR 404.1520(g) and 416.920(g)).

12. Medical improvement occurred as of July 23, 2005, the date the claimant's disability ended (20 CFR 404.1594(b)(1) and 416.994(b)(2)(i)).

13. On and after July 23, 2005, the claimant has had the residual functional capacity to do a range of light work. Specifically, her (sic) can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently and can sit, stand and/or walk for 6 hours each in an 8-hour work day with normal breaks. He must avoid all exposure of fumes, odors, dust, gases, poorly ventilated area, and workplace hazards. He is limited to simple, routine, low-stress tasks that involve no complex reading.

14. The medical improvement that has occurred is related to the ability to work (20 CFR 404.1594(b)(4)(i) and 416.944(b)(1)(iv)(A)).

15. As indicated above, transferability of job skills is not an issue because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

16. Beginning on July 22, 2005, considering the claimant's age, education, work experience and residual functional capacity, the claimant has been able to perform a significant number of jobs in the national economy (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

17. The claimant's disability ended on July 22, 2005 (20 CFR 404.1594(f)(8) and 416.944(b)(5)(vii)).

</blockquote>

The ALJ's holding that the plaintiff was disabled during the period August 19, 2002 to July 23, 2005 and his determination as to the plaintiff's residual functional capacity thereafter were largely based upon the testimony of Dr. Plotkin.

On this appeal the plaintiff does not challenge the ALJ's holding that, with restrictions as to

environmental factors, the plaintiff possess the general exertional capacity for light work. Similarly, no argument is advanced that the ALJ erred in not crediting the plaintiff's subjective testimony that he suffers from back pain and/or shortness of breath of a level that leaves him incapable of working.[3]

Rather, the entire focus is upon the plaintiff's mental capacity, with the arguments advanced that: the ALJ violated SSR 85-15 when he found that the plaintiff was capable of performing "low stress tasks"; that the ALJ violated SSR 00-4p in not fulfilling his duty to ask the VE whether his testimony was consistent with the Dictionary of Occupational Titles (DOT); that the VE's testimony was inconsistent with the DOT; and that the ALJ made harmful errors regarding the plaintiff's education and intellectual level.[4]

In this Court's opinion each of these arguments (some hyper technical), is an exercise in grasping at straws and overlooks what this Court believes is the critical consideration in this case.

The plaintiff's employment history, as appears from his testimony and a Work History Report covering September 1988 through May 2000 (R. 89), is a series of short term unskilled jobs a number of which were of a janitorial/cleaning nature. There is nothing in this record to suggest that the plaintiff's cancer or the chemotherapy treatment he underwent in any way affected his mental capabilities. Simple logic dictates the conclusion that if the plaintiff was capable of performing that type of work before he became incapacitated he should have been capable of doing so after he recovered.

When the VE was questioned by plaintiff's counsel on the subject of educational

---

[3] Dr. Plotkin testified that the plaintiff's cancer or the course of chemotherapy the plaintiff underwent would not account for those complaints.

[4] This Court is constrained to observe that a number of the alleged deficiencies as regards the ALJ's examination of the VE and/or the evidence originating with the VE could, and should, have been gone into with counsel's examination of the VE, but were not.

requirements of the jobs he had identified as within the plaintiff's capabilities in response to a hypothetical question from the ALJ which included preclusion from "reading instructions or reading plans, or that sort of thing" the VE stated that "These jobs don't require reading and they're, they're taught by simple demonstration," and that although some did require elementary reading and writing others did not.

When the plaintiff underwent a psychological evaluation in January 2004 he was not found to be illiterate. Rather, he was evaluated as within the low average range (a full scale IQ of 85), reading at the fifth grade level and "in terms of intelligence, he scored significantly higher on his performance test than he did on the verbal test." The examining clinical psychologist concluded:

**DISCUSSION OF THE FOUR WORK-RELATED ABILITIES:**

1. This claimant's ability to relate to others appears to be adequate. He was friendly, cooperative, and participatory during this evaluation. He has been employed and hopes to become re-employed. He does get along well with others and would have no particular problem doing so.

2. His mental ability to understand, remember, and follow instructions is adequate as he falls within the lower end of the average range of intelligence classification. He is capable of comprehending and completing simple routine ADL tasks. He is also assessed as being mentally capable to understand, remember, and follow instructions.

3. His mental ability to maintain attention, concentration, and persistence is adequate. There is no impairment in this particular area.

4. His mental ability to withstand the stress and pressures associated with a day to day work activity is likely to be adequate once he works through his chemotherapy regimen. It is concluded that he has the mental ability to perform at least simple repetitive tasks.

It is recommended that final judgment be entered in defendant's favor.

                                                              s/DAVID S. PERELMAN
                                                              United States Magistrate Judge

DATE:   December 1, 2009

## OBJECTIONS

       Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).